**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**MELISSA FARRIS**<br><br>**Defendant.** | **Case: 1:26-mj-00140 (MJS)** |

## MOTION TO RETURN PROPERTY AND LIMIT SCOPE OF SEARCH

Ms. Melissa Farris, through undersigned counsel, respectfully moves this Court to order the government to return her electronic device so that she can access her personal and financial information, adequately consult with defense counsel, review discovery, and prepare for trial. In the alternative, Ms. Farris respectfully requests this Court limit any information seized and imaged from her phone not relevant to the present charge.

## BACKGROUND

Ms. Farris is charged in a criminal complaint with willfully injuring or committing a depredation against government property, in violation of 18 U.S.C. §1361 and destruction of a veteran memorial, in violation of 18 U.S.C. §1369, based on conduct that is alleged to occur during an August 13, 2026 incident.

On August 13, 2026, yellow and red paint was discovered on a portion of the World War II Memorial. In addition, the fountain connected to the Memorial had bubbles inside of it. According to news reports, access to the Memorial was closed late that evening but "by early the following morning, the memorial was cleared of bubbles and graffiti and opened to the public." *World War II Memorial in DC Cleaned, reopened 1 day after it was vandalized; suspect in*

*custody*, Stars and Stripes, https://www.stripes.com/theaters/us/2026-08-14/wwii-memorial-cleaned-suspect-in-custody-vandalized-22550997.html.

A complaint was sworn and an arrest warrant was signed on August 14, 2026. The same day, Ms. Farris self-surrendered in the Eastern District of Virginia and appeared for a Rule 5 hearing. She was held without bond pending an initial appearance in this Court on August 17, 2026.

uring the arrest, the government also seized s. arris' phone.

## ARGUMENT

### I. This Court should order the government to immediately return Ms. Farris' phone

Federal Rule of Criminal Procedure 41(g) provides that a defendant "aggrieved by an unlawful search or seizure of property or by the deprivation of property may move for that property's return."

A seizure that is "lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes" upon a defendant's possessory interests. *United States v. Jacobsen*, 466 U.S. 109, 125 (1984); *see United States v. Dass*, 849 F.2d 414, 414-15 (9th Cir. 1988) (affirming suppression where there was a delay of 7-23 days in getting warrant to search seized packages). "[T]he manner in which the government executes [a] warrant must comport with the Fourth Amendment's reasonableness standard." *United States v. Metter*, 860 F. Supp. 2d 205, 212 (E.D.N.Y. 2012). When the government seizes electronic devices and media, "the Fourth Amendment requires the government to complete its review, *i.e.*, execute the warrant, within a 'reasonable' period of time." *Id*. at 215.

In a criminal case, this Court "has both the jurisdiction and the duty to ensure the return" "to the defendant that property seized from him in the investigation but which is not alleged to be stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as

evidence." *United States v. Wilson*, 540 F.2d 1100, 1101 (D.C. Cir. 1976) (discussing Rule 41(e), the predecessor to Rule 41(g)). And relief under Rule 41 is not limited to cases in which the initial seizure of the property was unlawful. *See United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173 (9th Cir. 2010) (en banc) (explaining that the language in Rule 41(g) "was designed to expand the rule's coverage to include property lawfully seized" and noting "[t]hat Rule 41(g) is broader than the exclusionary rule"), *overruled in part on other grounds as recognized by by Demaree v. Pederson*¸887 F.3d 870, 876 (9th Cir. 2018); *United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980) ("Lawful seizure of the property, of itself, may affect the timing of the return, but never the owner's right to eventual return."); *In re Sealed Case*, 716 F.3d 603, 605 n. 2 (D.C. Cir. 2013) ("After the 1989 amendment to Rule 41, [the restriction on the suppression of property to the fruits of *unlawful* searches or seizers] is gone.").

Rule 41(g) simply "allows the owner of property the government has seized in a search to seek its return." *In re Sealed Case*, 716 F.3d at 605. The D.C. Circuit has stated that a "party from whom materials are seized in the course of a criminal investigation retains a protectible property interest in the seized materials." *Hubbard*, 650 F.2d at 303. "[I]t is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner." *Id.* (citation omitted). Lawfully seized property "may be retained pending exhaustion of its utility in criminal prosecutions," and unlawfully seized property "must on motion be promptly returned . . . unless it be contraband or statutorily forfeit, in which event it need not be returned at all." *Id.* at 303 n.26 (citations omitted).

The government does not need Ms. Farris' phone. Even assuming *arguendo,* that the government can cobble a legitimate argument to intrude upon the contents of her phone, it does not need physical possession of her phone "to review its contents" once the government has

extracted (or imaged) the contents of the device. *United States v. Dennis*, 622 F. Supp. 3d 1, 4 (S.D.N.Y. 2022). "The fact that the Government has . . . not completed its extraction and/or review . . . despite having had more than [two weeks] to do so would be a flimsy excuse for not allowing [Ms. Farris'] repossession of [her] property, and it invites inordinate delay." Id. In addition, the charge in this case does not inherently involve the use of a device like the cyberstalking charge in *Dennis*, and therefore, a comprehensive, sweeping search of the device is not necessary. Indeed, such a search would violate Ms. Farris' Fourth Amendment rights.

In contrast, the phone is crucial to Ms. Farris. Within her phone is the contact information for all of her friends and family and it is the primary means of contact for reaching them. Like most individuals, her phone is her primary method of banking, paying her bills, making payments at stores, checking the weather, taking public transportation and finding her way around. And as she has been determined to be indigent, replacing the phone would create a significant burden upon her.

As for any purported government concern about proving authenticity at trial, "the Government can authenticate the contents of the phone" through various means. *Dennis*, 622 F. Supp.3d at 4. In *Dennis*, for example, the court ordered the government to return the cell phone it seized from a defendant facing cyberstalking charges, explaining:

> [The government] can, for example, call witnesses who can testify that the extracted data was pulled from Mr. Dennis's phone. Additionally, the Government has not explained how presentation at trial of Mr. Dennis's phone will increase the credibility of its assertion that the extracted data did indeed come from Mr. Dennis's phone. Thus, the Government has not established its need for continuing possession of Mr. Dennis's property. *Id*. (citation omitted).

Here, as in *Dennis*, the government cannot "explain[] how presentation at trial" of the actual device "will increase the credibility of its assertion that the extracted data did indeed come from" that device. *Id*. The government's retention of Ms. Farris' cell phone is particularly

unreasonable because the government has the capacity to image electronic devices on-sight as opposed to seizing and retaining them. *See, e.g.*, *United States v. Manafort*, 314 F. Supp. 3d 258, 263 (D.D.C. 2018) ("The agents imaged many of the electronic devices, including the two computers, on site and left them there."); *Metter*, 860 F. Supp. 2d at 210 ("With respect to the seized computer hard drives, the government created images of the hard drives, and promptly returned the computer hardware to its appropriate owner."); *In re Sealed Case*, 716 F.3d at 604 ("The boxes and the electronic devices contained more than twenty-three million pages of documents. Within days of the search, the government had copied and returned to [redacted] the contents of most of the electronic devices.").

In accordance with Rule 41(g), the government should return Ms. Farris' phone because extended possession of the property is unreasonable, serves no purpose, and violates Ms. Farris' Fourth Amendment rights.

## II. This Court should limit the government's search of Ms. Farris' phone.

This Court should limit the search of Ms. Farris' phone to the alleged recordings of the incident at the World War II Memorial on A at the D.C. Central Detention Facility on August 14, 2026. The government cannot rely on non-existent evidence to rummage through the entirety of a phone.

An application for a search warrant must, by probable cause, "particularly describe[e] the place to be searched." U.S. Const. amend. IV. This requires that the application specify the items to be seized and "of course, [establish] a nexus . . . between the item to be seized and criminal behavior." *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307 (1967). The Court recognized that "[e]ven an individual pulled over for something as basic as speeding might well have locational data dispositive of guilt on his phone. . . . The sources of potential pertinent information

are virtually unlimited." *Riley v. California*, 573 U.S. 373 (2014). But the government does not have "unbridled discretion to rummage at will among a person's private effects." *Id*. (quoting *Arizona v. Gant*, 556 U.S. 332, 345 (2009)). A "let's look anywhere" approach to policing is exactly what the Fourth Amendment forbids. Seizing and imaging all electronic devices and retaining those devices and images indefinitely to search at-will undoubtedly constitutes a "general search" prohibited by the Fourth Amendment. *Metter*, 860 F. Supp. 2d at 216.

Here, officers cannot search Ms. Farris' digital device(s) simply because they can "come up with several reasons to suppose evidence" of the crime alleged in this case "could be found" on it. *Riley*, 573 U.S. at 399. The government must limit their search to the relevant video(s) taken on August 13, 2026 at the World War II Memorial.

**CONCLUSION**

For the foregoing reasons, and for any other reasons set forth at a hearing on this motion or in supplemental pleadings, and that this Court may deem just and proper, Ms. Farris respectfully requests that the Court grant this motion, order the government to promptly return to her the device it has retained, and limit the information seized from Ms. Farris' phone.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER
/s/
Eugene Ohm
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500