**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**MELISSA FARRIS,**<br><br>**Defendant.** | **Case No. 26-mj-00140** |

# GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY PRETRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Response in Opposition to the Defendant's Motion for Return of Property and to Limit Scope of Search (the "Motion") (Dkt. No. 3). As detailed in the following paragraph, the Motion should be deemed Moot.

Counsel for the United States advised counsel for the Defendant that barring any unexpected issues requiring the Government to take additional steps to secure the integrity of the evidence, the Defendant's cell phone will be available to be picked up at the U.S. Attorney's Office no later than 4:00 p.m. on August 19, 2026.[1] Despite the fact that the Defendant's Motion should be moot by this filing, pursuant to the Court's Order on August 18, 2026, the Government provides the Court with its argument that the Defendant's Motion was not supported by the law, and was unreasonable in its temporal demands.[2] Accordingly, in compliance with the Court's Order, the

[1] The Government located, secured, and returned the Defendant's personal belongings that did not constitute evidence at around 6:30 pm on August 18, 2026. Following subsequent conversations with counsel for the Defendant on the evening of August 18, 2026, the Government expects to return the Defendant's identification card today.

[2] The Government has not located authority wherein any Court has ordered the Government to return a lawfully seized cell phone within four days of seizure.

United States submits its Response.

**BACKGROUND**

On Thursday, August 13, 2026, at approximately 2:00 p.m., the Defendant defaced and vandalized the World War II Memorial on the National Mall in Washington, D.C. The Defendant livestreamed her actions on her cell phone in a brazen attempt to gain notoriety for herself and garner attention on social media.

On Friday, August 14, 2026, at 11:21 a.m., the Court signed a criminal complaint charging the Defendant with one count of Depredation of Federal Property in violation of 18 U.S.C. § 1361 and one count of Destruction of a Veterans' Memorial in violation of 18 U.S.C. § 1369. That same day, at 5:05 p.m., the Court signed a search warrant authorizing the Government to seize information on the Defendant's cell phone because the device contains evidence related to her alleged criminal conduct.

Since the seizure on August 14, 2026, the Government worked diligently over the weekend to image the Defendant's device. Of note, imaging a cell phone is a technical, multistep process that involves multiple technicians ensuring that all necessary data is collected from the device without any failures or corrupt files. Further, every seized device is different (e.g., some devices are password protected, have encrypted files, or other technological intricacies that impede a swift search of a cell phone).

Regarding the Defendant's phone, the Government's technicians worked continuously to extract and validate the information from the cell phone extraction to ensure that the information would be usable at trial. During the extraction, they encountered several impediments that required technicians and investigators to further ensure that all the information was usable. For example, the Defendant's device contained both the Signal messaging application and the Tor Browser.

Signal is an open-source, encrypted messaging service that utilizes end-to-end encryption through the Signal Protocol. The Tor Browser is a web-capable browser that permits users to access the Tor Network. Simply put, the Tor Browser allows users to connect to the "dark web." Both applications required technicians to engage in more complex extraction procedures on the cell phone to ensure that the relevant information contained on both applications was preserved in a format usable at trial.

Of relevance to the Court, the Government's technicians did not discover the existence of, or the Defendant's use of, encrypted applications until *after* the hearing on August 18, 2026. Despite these hurdles, the Government diverted additional resources to expedite the processing of the Defendant's device. It should be noted that the Government's efforts and response time cannot be duplicated in every instance, nor does the law require it.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 41(g) states that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." *Id.* at 1989 Advisory Committee Notes. "The Advisory Committee notes explain that 'the practical reality is that there is no basis for a "one size fits all" presumptive period' for reviewing electronically-stored media, and that therefore, absent a separate judicially-imposed deadline, Rule 41 does not 'impos[e] a deadline for the return of storage media.'" *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 312 (S.D.N.Y. 2018) (Rakoff, J.) (quoting Fed. R. Crim. P. 41, 2009 Advisory Committee Notes).

To prevail on a motion brought under Rule 41(g), the movant must show: (1) the movant

"is entitled to lawful possession of the seized property; (2) the property is not contraband;[3] and (3) that the seizure was illegal or the government's need for the property as evidence has ended." *Id.*; *see United States v. Harris*, 25-cr-349, 2026 WL 1945175, at*3 (D.D.C. July 6, 2026) (applying the *Pinto-Thomaz* factors); *see also Richman v. United States*, 350 F.R.D. 401, 411 (D.D.C. 2025) (applying different factors).

**ARGUMENT**

Had the Court been required to determine the Defendant's Motion on its merits, the Court would have found that the Defendant's Motion was neither supported by the facts nor the law and would have failed under *Pinto-Thomaz*. The Government lawfully seized the Defendant's cell phone pursuant to a duly authorized search warrant. As such, the Government's lawful seizure superseded the Defendant's possessory entitlement. The United States was authorized by the Court to conduct a search for evidence on the Defendant's phone and the Government's need for the property was ongoing. The evidence sought, like the Defendant's livestreamed videos, was highly relevant and necessary to prove the charges against the Defendant and would also necessarily include evidence of the acts she committed and any other evidence connecting the Defendant to the offenses.

**A. The Government Possessed the Defendant's Cell Phone Pursuant to a Validly Executed Search Warrant and the Investigation Superseded Defendant's Possessory Interest.**

The Government is entitled to possess "evidence in an ongoing criminal investigation." *Asinor v. District of Columbia*, 111 F.4th 1249, 1260 (D.C. Cir. 2024). In this case, the Government possessed the Defendant's device for just five days pursuant to a valid warrant. In the intervening

[3] The government acknowledges that Defendant's cell phone was not inherently contraband, thus will not address the second prong of *Pinto-Thomaz.*

time since seizure, the Government has successfully extracted, imaged, and processed the Defendant's device as evidence during its ongoing investigation.

Counsel for Defendant filed its Motion on Friday, August 14, 2026, the *same day* the Government came into possession of the Defendant's cell phone and the *same day* the Government submitted its warrant to search the device to the Court. Nonetheless, the Defendant argued that the Government did not have an ongoing need for the Defendant's device before imaging the device. This argument is wrong and unsupported by case law.

In fact, none of the cases in Defendant's Motion stand for the proposition that a lawfully seized cell phone must be returned within five days when the Government's need for the device is ongoing. In its Motion, the Defendant principally relied on *United States v. Dennis*, which held that the Government does not need physical possession of a phone "to review its contents" once the Government has imaged the contents of the device. 622 F. Supp. 3d 1, 4 (S.D.N.Y. 2022). *Dennis* is immediately distinguishable because the Court determined that "more than *nine months* ha[d] passed since the seizure[.]" *Id.* at 2 (emphasis added). Despite the time lapse, the Government claimed that it still had not completed its review of the phone's contents and still needed to possess the defendant's cell phone. *Id.*[4] In *Dennis*, even after ruling in favor of the defendant, the court still provided the Government with *four additional days* to return the defendant's cell phone. *Id* at 4. In this case, the Defendant filed its Motion only *hours* after the seizure of the phone.

To be sure, even when the Government is unable to give the court a specific time for which it may image the Defendant's device, courts still have not required a defendant's cell phone to be immediately returned. In *United States v. Morgan*, the court weighed the defendant's interest in having his cell phone returned against the government's evidentiary interest. 443 F. Supp. 3d 405,

[4] *See also United States v. Pinto-Thomaz*, 352 F. Supp. 3d at 311-12 (rejecting the defendant's motion for return of his cell phone after five months had passed).

410 (W.D.N.Y. 2020). Even though the Government could not provide a date certain that it would return the defendant's phone (by the defendant's estimate, it would take 37 years), the court still held that the government's interests outweighed the defendant's right to immediate possession of his phone. *Id.* The United States' possession of Defendant's cell phone for a mere five days is but a blip on the spectrum when compared to *Morgan.*

At the August 18 hearing, the Defendant cited *United States v. Cooper*, 798 F. Supp. 3d. 1, 3 (D.D.C. 2025), a misdemeanor possession of marijuana charge where the Government seized the defendant's cell phone and had not sought a warrant seven days later. In that case, the court ordered the defendant's cell phone returned based on its holding that there was never an investigatory need to review the phone's contents—not because seven days was an unreasonable amount of time to possess the device. *Id.* Again, this is clearly distinguishable from the facts that were presented in this case.

Also at the hearing, the Court cited *United States v. Sydney Reid* as an example of the parties agreeing to return a cell phone after the Government's search was completed. 1:25-cr-244 (D.D.C. July 23, 2025). Importantly, in *Reid*, the Defendant's cell phone was seized on July 23, 2025, and the defendant filed her motion for return of property on August 5, 2025. *See id.* at Dkt. No. 6. By August 8, 2025, the court denied the defendant's motion as moot because the Government returned the cell phone. *Id*. at August 8, 2025 Minute Order. So, 16 days passed between the Government's seizure of the cell phone and its return.

Here, the Government did not seek 37 years, nine months, or even 16 days. The Government possessed the Defendant's cell phone for less than *five days*—orders of magnitude

less than the time period at issue in *Dennis* or even *Reid*. The Government's limited possession of the Defendant's property was reasonable and in furtherance of its investigatory needs.

The law does not require the Government to move at this pace and doing so sets an unreasonable and unattainable precedent. The Government appreciates that the Court must balance the Government's investigatory needs and the Defendant's need for the return of her property given her personal circumstances. However, the reasonableness of the length of time the Government possesses a defendant's cell phone in furtherance of the Government's investigatory needs in any case is two-fold.

First, the Government is constrained by the technological realities associated with imaging a device. The time it takes to return the device will change based on factors including the device model, its settings, its encryption, and any number of other technological factors. Here, it just so happens here that the Government was able to image and process the Defendant's device hastily, but it had to divert resources to this extraction and validation, and it cannot do so in every case.

Second, the Court should consider the evidentiary value of the material sought on the Defendant's cell phone. Here, the Defendant's cell phone is an essential piece of evidence against her and was used in the commission of the crimes for which she has been charged. The Defendant livestreamed her actions to generate social media attention because she wanted to "get it all over the internet." Therefore, the Defendant's cell phone, and what she did with it during the commission of her crimes, contains essential evidence related to the alleged criminal conduct for which the Defendant has been charged.

Overall, the Government's limited possession of the Defendant's cell phone in this case was reasonable based on its investigatory needs. Regardless, the Court should deny the Defendant's Motion as moot because the Government has agreed to make the cell phone available

for the Defendant's pick up by 4:00 p.m. barring any unexpected issues requiring the Government to take additional steps to secure the integrity of the evidence. The Government does not anticipate any such issues and will notify the Court and counsel for the Defendant should any arise.

**B. The Government's Need for the Seized Evidence Has Not Ended—Information Beyond the Defendant's Livestreamed Videos is Relevant to the Defendant's Alleged Criminal Conduct.**

The Government should be able to search the extracted information from the Defendant's device within the parameters of the lawfully obtained search warrant. The Defendant's Motion argues that the Government should only be able to search the Defendant's device for videos that she livestreamed of her attacking the World War II Memorial on August 13, 2026. Put another way, the Defendant argues that the Government can only search the phone for information that is already publicly available on her social media profiles.

The Government is entitled to search the Defendant's phone within the parameters of the lawfully secured warrant. These parameters include searching for evidence of the commission of the offense, the location of the offense, communications between the Defendant and others about the offense, and her internet searches related to the offense, among other things set forth in the warrant. All of this information is relevant as to whether the Defendant committed the alleged offenses in this case.

The Defendant's Motion does not challenge the validity of the warrant, and the Government is not searching at random. The Government provided the Court with specific parameters and types of evidence that it searched the Defendant's cell phone for. These parameters were based on the facts of this case, which included the fact that the Defendant livestreamed her crimes on the same cell phone that the Government is reviewing. Moreover, the Defendant communicated with friends and family about her commission of the offense. The Defendant's cell phone was integral to committing her crimes. Indeed, it is unlikely that she would have committed

the offenses without livestreaming her actions on her cell phone because, in her own words, she wanted to "get it all over the internet." The Defendant has specifically stated that she vandalized the World War II Memorial because she is a purported whistleblower. The Government is entitled to probe the Defendant's claims to understand what motivated her to commit this offense and how this motive developed over time. The Defendant's recycled Motion does not present a legal issue that challenges the validity of the Court's warrant and therefore, the Defendant's request should be denied.

## CONCLUSION

For the foregoing reasons, and based on the parties' agreement that the Government will return Defendant's cell phone, the Government respectfully requests that the Court deny as moot the Defendant's Motion in its entirety.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: */s/ Samuel M .Deau*
Samuel M. Deau
Assistant United States Attorney
DC Bar No. 90042268
601 D Street NW
Washington, D.C. 20530
202-803-1643
samuel.deau@usdoj.gov

Charles Klug
Assistant United States Attorney
D.C. Bar No. 1619775
601 D Street NW
Washington, D.C. 20530
charles.klug@usdoj.gov
202-730-6872